IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARRELL BUCK, SHAMUS WATSON,     PLAINTIFFS
and WILLIAM CATLETT, Each Individually and
on Behalf of All Others Similarly Situated

vs.     No. 2:22-cv-2153-PKH

WEST WIND AND ASSOCIATES, INC.,     DEFENDANTS
and MARK ECCLESTON

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Darrell Buck, William Catlett and Shamus Watson (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys William Patrick Wilson and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendants West Wind and Associates, Inc., and Mark Eccleston (collectively "Defendant" or "Defendants"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Fort Smith Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Darrell Buck ("Buck") is an individual and resident of Logan County.

7. Plaintiff Shamus Watson ("Watson") is an individual and resident of Logan County.

8. Plaintiff William Catlett ("Catlett") is an individual and resident of Franklin County.

9. Separate Defendant West Wind and Associates, Inc. ("West Wind"), is an Arkansas for-profit corporation.

10. West Wind's registered agent for service of process is William B. Barry at 100 North 6th Street, Fort Smith, Arkansas 72901.

11. Separate Defendant Mark Eccleston ("Eccleston") is an individual and resident of Arkansas.

## IV. FACTUAL ALLEGATIONS

12. Eccleston is a principal, director, officer, and/or owner of West Wind.

13. Eccleston took an active role in operating West Wind and in the management thereof.

14. Eccleston, in his role as an operating employer of West Wind, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedules, and made decisions regarding Plaintiffs' pay, or lack thereof.

15. Eccleston, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' work entailed.

16. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tools and equipment.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

19. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiffs' employer.

20. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

21. Defendant employed Buck as a Plastic Welder from January of 2021 until the present.

22. Defendant employed Watson as a Washer from November of 2020 until July of 2022.

23. Defendant employed Catlett as a Plastic Welder from January of 2022 until May of 2022.

24. The primary duties of Buck and Catlett, as Plastic Welders, included welding and repairing bins.

25. Watson's primary duties as a Washer included washing bins and operating a forklift.

26. Collectively, Plaintiffs worked for Defendant as Laborers.

27. Defendant also employed other Laborers within the three years preceding the filing of this lawsuit.

28. Defendant directly hired Plaintiffs and other Laborers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. Defendant classified Plaintiffs as independent contractors, exempt from the overtime requirements of the FLSA.

30. Defendant also classified other Laborers as independent contractors, exempt from the overtime requirements of the FLSA.

31. Plaintiffs' and other Laborers' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

32. Defendant, at all times relevant hereto, knew that Plaintiffs and other Laborers were acting as employees, rather than as independent contractors, and treated them as employees.

33. Plaintiffs and other Laborers did not financially invest in Defendant's business.

34. Plaintiffs and other Laborers did not share in Defendant's profits or losses.

35. Defendant, not Plaintiffs or other Laborers, set prices for services for Defendant's customers.

36. Defendant determined Plaintiffs' and other Laborers' pay scale for services without input from or negotiation with Plaintiffs or other Laborers.

37. Defendant, not Plaintiffs or other Laborers, decided whether and how many employees to hire.

38. Plaintiffs and other Laborers were hired to work for Defendant for a continuous and ongoing period of time.

39. Plaintiffs and other Laborers did not select any employees for hire, nor did they have any ability to fire employees.

40. Plaintiffs and other Laborers did not have any control of or authority over any employee's rate of pay or working hours.

41. Defendant set policies and rules which Plaintiff and other Laborers were required to follow.

42. Defendant made decisions on advertising Defendant's business without Plaintiffs' or other Laborers' input.

43. In July of 2022, Defendant re-classified some Laborers as W-2 employees, but the job requirements and pay policies did not change.

44. Plaintiffs regularly worked hours over forty per week.

45. Other Laborers also regularly or occasionally worked hours over forty in a week.

46. Plaintiffs were required to submit their time to Defendant each week in the form of "invoices."

47. Plaintiffs regularly worked hours which went uncompensated.

48. Before Plaintiffs and other Laborers were allowed to begin work, Defendant required them to participate in a sanitation process that included spraying them down with sanitizing spray, disinfecting their belongings, taking their temperature, and donning uniforms and gear.

49. The process of sanitizing and donning took between fifteen and thirty minutes.

50. When Plaintiffs and other Laborers left work, they were required to remove the uniforms and gear.

51. Plaintiffs and other Laborers were not allowed to record the time they spent sanitizing, donning and doffing, and therefore this time went uncompensated.

52. Defendant knew or should have known that Plaintiffs and other Laborers spent time donning and doffing which went uncompensated.

53. Plaintiffs worked hours which went uncompensated in weeks in which they also worked over forty hours.

54. When Defendant paid Plaintiff and other Laborers for hours worked over forty in a week, Defendant paid them their regular hourly rate for those hours. In other words, Defendant did not pay Plaintiff and other Laborers and overtime premium for hours worked over forty in a week.

55. At all relevant times herein, Defendant has deprived Plaintiffs of overtime compensation for all of the hours worked over forty per week.

56. Defendant knew or should have known that Plaintiffs worked hours which went uncompensated.

57. In or around July of 2022, Plaintiffs' and other Laborers' pay was delayed. Beginning in July of 2022, each paycheck was paid approximately one to two weeks late.

58. 29 C.F.R. § 778.106 states, "The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

59. In addition to requiring on-time payment of overtime wages, the FLSA requires on-time payment of minimum wages. *See generally Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697 (1945).

60. In other words, an FLSA violation occurs on the date an employer fails to pay its employees full wages owed.

61. Liquidated damages are due to employees who suffer an FLSA violation unless the employer can show that the failure to pay was in good faith (a subjective inquiry) and the employer had reasonable grounds for believing the failure to pay was not a violation of the FLSA (an objective inquiry).

62. Plaintiffs and other Laborers who received late pay therefore suffered FLSA violations on each payday on which they did not receive pay.

63. Plaintiffs and other Laborers are entitled to liquidated damages in an amount equal to the amount of their pay which was delayed.

64. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Laborers violated the FLSA and AMWA.

65. Buck complained to Defendant multiple times about the pay being late beginning in July of 2022.

66. Prior to July of 2022, Eccleston told Buck that if Buck ever complained to any legal entity about Defendants, Buck would be fired on the spot.

67. Within days of complaining about the late pay, Defendant fired Buck.

68. Defendant terminated Buck's employment because he complained about being paid late.

69. Defendant's stated reason for terminating Plaintiff was that he was late to work. This was a pretext. There was no legitimate reason for terminating Plaintiff's employment.

70. Defendant retaliated against Plaintiff in violation of 29 U.S.C. § 215.

### V. REPRESENTATIVE ACTION ALLEGATIONS

71. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

72. Plaintiffs propose the following collective under the FLSA:

**All Laborers within the past three years.**

73. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

74. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein.

75. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were not paid a sufficient overtime premium;

B. They were subject to Defendant's common practice of requiring santization procedures, donning and doffing before clocking in;

C. They were subject to Defendant's common policy of classifying them as "independent contractors;"

D. They were subject to numerous other policies and practices as described above; and

E. They had the same or substantially similar job duties and requirements.

76. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds ten persons.

77. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

78. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

79. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA—Unpaid Wages)

80. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

81. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

83. Defendant misclassified Plaintiffs as exempt from the requirements of the FLSA.

84. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

85. The FLSA requires employers to pay their employees wages by the next regularly scheduled pay day.

86. Defendant failed to pay Plaintiffs wages due on the scheduled pay day.

87. Defendant knew or should have known that its actions violated the FLSA.

88. Defendant's conduct and practices, as described above, were willful.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

90. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

91. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA—Retaliation)

92. Buck asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

93. Defendant's termination of Buck was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

94. Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

95. Buck engaged in protected activity by complaining about his pay.

96. Defendant terminated Buck's employment in a clear act of retaliation against Buck solely due to his complaint.

97. Buck should be reinstated to his employment and compensated for lost income due to Defendant's unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendant's actions.

98. Further, punitive damages should be assessed against Defendant for its blatant and willful actions to retaliate against Buck for his assertion of his rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

## VIII. THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

99. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

100. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

101. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all applicable DOL regulations.

102. Defendant misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

103. Despite Plaintiffs' and similarly situated employees' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

104. Defendant knew or should have known that its actions violated the FLSA.

105. Defendant's conduct and practices, as described above, were willful.

106. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

107. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

108. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### IX. FOURTH CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

109. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

110. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

111. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

112. Defendant misclassified Plaintiffs as exempt from the requirements of AMWA.

113. Defendant failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty per week.

114. Defendant knew or should have known that its practices violated the AMWA.

115. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

116. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

### X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Darrell Buck, Shamus Watson and William Catlett, each individually and behalf of all others similarly situated, respectfully

prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

    A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

    B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

    C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

    D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

    E.    Judgment for compensatory damages owed to Plaintiff under 29 U.S.C. § 216(b);

    F.    Reinstatement of Plaintiff to his former employment under 29 U.S.C. § 216(b);

    G.    An order directing Defendant to pay Plaintiffs interest, a reasonable attorney's fee and all costs connected with this action; and

    H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DARRELL BUCK, SHAMUS WATSON and WILLIAM CATLETT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
William Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com