IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**DARRELL BUCK, and**                                                           **PLAINTIFFS**
**SHAMUS WATSON**

**vs.**                          **Case No. 2:22-cv-2153-PKH**

**WESTWIND AND ASSOCIATES, INC.**                    **DEFENDANT**
**and MARK ECCLESTON**

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Westwind and Associates, Inc., and Defendant, Mark Eccleston (collectively referred to as "Defendants") pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, state the following facts are not in dispute and are the only facts material to the disposition of this litigation:

1. Defendant West Wind and Associates, Inc., ("Westwind") is a domestic, for-profit corporation which is incorporated and has its principal place of business in the State of Arkansas. **Ex. 1** (N. Eccleston Decl. ¶2).

2. Defendant, Mark Eccleston ("M. Eccleston") is an Arkansas resident and is a co-owner and president of Westwind. **Ex. 1** (M. Eccleston Decl. ¶1).

3. Defendant Mark Eccleston is not involved in the day to day operations or decision-making of Westwind and has not been involved in the day to day operations for roughly the last three years. **Ex. 1** (M. Eccleston Decl. ¶1).

4. Westwind performs plastic bin welding and repair work in a roughly 6,750 square foot facility. **Ex. 1** (N. Eccleston Decl. ¶11).

5. Plastic bin repair and plastic welding is more specialized than traditional welding. **Ex. 5** (Watson Dep. 31: 15-23).

6. Westwind's hours of operation are from 6:00 A.M. to 2:30 P.M., Monday through Friday. **Ex. 1** (N. Eccleston Decl. ¶11).

7. Plaintiff Shamus Watson ("Watson") signed an independent contractor agreement with and supplied a Form W-9 to Westwind on November 18, 2020. Watson provided contract labor as a plastic welder and bin washer to Westwind until July 2022. **Ex. 1** (N. Eccleston Decl. ¶¶7-8).

8. Plaintiff Darrell Buck ("Buck") signed an independent contractor agreement with and supplied a Form W-9 to Westwind on January 12, 2020. Buck provided contract labor as a plastic welder to Westwind until August 2022. **Ex. 1** (N. Eccleston Decl. ¶¶6-8).

9. Each Plaintiff in this action does not dispute signing their respective independent contractor agreements which governed their relationship with Westwind. **Ex. 5** (Watson Dep. 32: 20-33: 9); **Ex. 6** (Buck Dep. 33:9-11).

10. Plaintiffs were not subject to coercion or undue influence and executed their independent contractor agreements freely with Westwind. **Ex. 6** (Buck. Dep: 31: 8-9).

11. Nothing contained within the independent contractor agreements or from any statements made by West Wind prevented plaintiffs from working elsewhere. **Ex. 1** (N. Eccleston Decl. ¶20).

12. Plaintiffs brought this action on behalf of themselves, and all others similarly situated. However, Plaintiffs did not move to certify a collective action and Plaintiffs' counsel has voluntarily dismissed William Catlett as a party to this litigation. ECF No. 2; ECF No. 21.

13. Each Plaintiff was issued a Form 1099 for each year they provided contract labor to Westwind. **Ex. 1** (N. Eccleston Decl. ¶19).

14. In 2021 and 2022, Plaintiff Darrell Buck filed a Schedule C with his tax returns where he was able to claim thousands of dollars in business expenses while he provided contract labor to West Wind which reduced Buck's income tax liability. **Ex. 11.**

15. The Arkansas Department of Finance and Administration did not have any tax records on file for Shamus Watson from 2021 to the present after being provided with a signed authorization from Defendants' counsel. **Ex. 12**

16. Pursuant to the independent contractor agreements, Westwind was not responsible for withholding taxes with respect to either Plaintiff's compensation earned from Westwind. **Ex. 1** (N. Eccleston Decl. ¶ 8)

17. Pursuant to the independent contractor agreements, the Plaintiffs shall have no claim against Westwind for vacation pay, sick leave, retirement benefits, social security, worker's compensation, health or disability benefits, unemployment insurance benefits, or employee benefits of any kind. **Ex. 1** (N. Eccleston Decl. ¶9).

18. Each Plaintiff submitted weekly invoices to receive payment from Westwind for payment and were paid at the end of the work week. **Ex. 1** (N. Eccleston Decl. ¶ 16).

19. Plaintiffs were responsible for recording the number of bins washed and/or welded and repaired on their invoices which they would submit to Westwind. **Ex. 1** (N. Eccleston Decl. ¶ 16).

20. Each plaintiff had their own work space while they provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶ 11).

21. Independent contractors were not married to a set schedule and were generally free to select and choose which bins they would wash, weld and/or repair. Independent contractors were not given a quota for how many bins they had to repair or weld in any given day. **Ex. 1** (N. Eccleston Decl. ¶ 15).

22. Plaintiffs earning potential was based on how many bins could be repaired and/or washed in any given week. **Ex. 1** (N. Eccleston Decl. ¶ 17).

23. The more efficient the plaintiffs were, the more money plaintiffs could make while they provided contract labor to Westwind. **Ex. 1** (N. Eccleston Decl. ¶ 17).

24. West Wind did not control how productive the plaintiffs were in the performance of their contract labor services. **Ex. 1** (N. Eccleston Decl. ¶ 17).

25. Both plaintiffs frequently missed work, were late or left early from Westwind. **Ex. 1** (N. Eccleston Decl. ¶ 14).

26. In Westwind's facility there is a calendar where workers keep track of who shows up late, is absent, or who leaves early. **Ex. 9** (C. Sanders Decl. ¶4); **Ex 1** (N. Eccleston Decl. ¶14).

27. On any particular day, workers of Westwind will write down the names of individuals who are late, absent or leave early. **Ex. 9** (C. Sanders Decl. ¶4).

28. The calendar system was initiated after a worker for Westwind saw Westwind getting taken advantage of by workers who left early, were absent or who arrived late. **Ex. 9** (C. Sanders Decl. ¶5).

29. Darrell Buck and Shamus Watson were frequently late, absent or left early from work while they provided contract labor to West Wind. **Ex. 9** (C. Sanders Decl. ¶¶4-5); **Ex 1.** (N. Eccleston Decl. ¶14); **Ex 10** (T. Thomas Decl. ¶4).

30. Plaintiff Darrell Buck was late, left early or was absent a combined one hundred and eleven (111) times during the period in which he provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶14).

31. Plaintiff Shamus Watson was late, left early or was absent a combined one hundred and forty three (143) times during the period in which he provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶14).

32. Plaintiffs Shamus Watson and Darrell Buck were never punished for their absences, tardiness or for leaving work early. **Ex. 1** (N. Eccleston Decl. ¶14)

33. Plaintiffs never worked more than forty hours in any given work week in which they provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶13)

34. Plaintiff Darrell Buck ceased to provide contract labor services to West Wind in August 2022. **Ex 1.** (N. Eccleston Decl. ¶6)

35. Plaintiff Shamus Watson ceased to provide contract labor services to West Wind in July 2022. **Ex. 1.** (N. Eccleston Decl. ¶7).

Respectfully Submitted,

**WESTWIND & ASSOCIATES, INC & MARK ECCLESTON**

By: *Christopher J. Hooks*
Christopher J. Hooks, ABA #2020190
ROBERTSON, BEASLEY, SHIPLEY
& ROBINSON, PLLC

315 North 7TH Street
Fort Smith, AR 72901
Phone: (479) 782-8813
Fax: (479) 785-0254

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 14th day of August, 2023, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Josh Sanford
Daniel Ford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
daniel@sanfordlawfirm.com
josh@sanfordlawfirm.com

By: /s/ Christopher J. Hooks
Christopher J. Hooks