IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**DARRELL BUCK and SHAMUS WATSON**                                **PLAINTIFFS**

vs.                                      No. 2:22-cv-2153-PKH

**WESTWIND AND ASSOCIATES, INC.,**                                **DEFENDANTS**
**and MARK ECCLESTON**

## RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Darrell Buck and Shamus Watson ("Plaintiffs"), by and through their attorneys of the Sanford Law Firm, PLLC, hereby submit their Responses to Defendant's Statement of Material Facts in Support of Defendants' Motion for Summary Judgment, and state as follows:

1.      Defendant West Wind and Associates, Inc., ("Westwind") is a domestic, for-profit corporation which is incorporated and has its principal place of business in the State of Arkansas. **Ex. 1** (N. Eccleston Decl. ¶2).

**RESPONSE NO. 1:** Admitted.

2.      Defendant, Mark Eccleston ("M. Eccleston") is an Arkansas resident and is a co-owner and president of Westwind. **Ex. 1** (M. Eccleston Decl. ¶1).

**RESPONSE NO. 2:** Admitted.

3.      Defendant Mark Eccleston is not involved in the day to day operations or decision-making of Westwind and has not been involved in the day to day operations for

Page 1 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

roughly the last three years. **Ex. 1** (M. Eccleston Decl. ¶1).

**RESPONSE NO. 3:** Denied. Defendant Mark Eccleston ("Mr. Eccleston") was present at Defendants' shop on a daily basis while Plaintiffs worked there. Dep. of Shamus Watson ("Dep. Watson"), ECF No. 23-5, at 55:9–15, (stating that Mr. Eccleston was always present, but not necessarily inside the shop), 53:15–19 (stating that Mr. Eccleston locked the shop at the end of the workday). *See also* Decl. of Donny Thatcher ("Decl. Thatcher") ¶ 6, ECF No. 23-7; Decl. of Chester Sanders ("Decl. Sanders") ¶ 3, ECF No. 23-9 (both stating that either "Mark or Noreen Eccleston will open the shop doors" in the morning). Mr. Eccleston accepted weekly timesheets from plastic welders and was instrumental in cutting their checks. Dep. Watson 40:7–14 (stating that plastic welders could give their weekly invoices to either Mr. Eccleston or his wife). Mr. Eccleston conducted employee interviews and hired Defendants' plastic welders. Dep. of Darrell Buck ("Dep. Buck") ECF No. 23-6, at 25:5–12; Dep. Watson 24:21–25:11. Mr. Eccleston took an active role in training Defendants' employees and taught Plaintiffs how to use Defendants' equipment. Dep. Watson 30:14–31:6. Mr. Eccleston set the quality standards Plaintiffs were required to adhere to in their work and ensured their work met those standards. Dep. Buck 57:14–20. Although Defendants employ a supervisor to manage the day-to-day supervision of the business, Mr. Eccleston also regularly supervised Plaintiffs' work. Dep. Watson 54:24–55:6. Finally, Mr. Eccleston sometimes asked Plaintiffs to work on weekends to catch up. Dep. Watson 53:10–14.

4.  Westwind performs plastic bin welding and repair work in a roughly 6,750 square foot facility. **Ex. 1** (N. Eccleston Decl. ¶11).

Page 2 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

**RESPONSE NO. 4:** Admitted.

5.   Plastic bin repair and plastic welding is more specialized than traditional welding. **Ex. 5** (Watson Dep. 31:15-23).

**RESPONSE NO. 5:** Admitted. Despite its specialization, Plaintiffs were able to acquire plastic welding skills after one afternoon of instructions. Dep. Buck 26:5 –12; Dep. Watson 30:14–31:6.

6.   Westwind's hours of operation are from 6:00 A.M. to 2:30 P.M., Monday through Friday. **Ex. 1** (N. Eccleston Decl. ¶11).

**RESPONSE NO. 6:** Admitted in part. Plaintiffs admit that they and other plastic welders performed the function of welding plastic between the hours of 6:00 am and 2:30 pm. Denied as to any implication that Plaintiffs only worked during Westwind's hours of operation. Westwind's shop was unlocked between 5:00 and 5:30 am Dep. Buck 38:2–5. Plaintiff Buck regularly arrived at work at 5:30 am because Defendants "expected us to be suited up and at our stations at 6:00 a.m.," and Defendants' required sanitation process could take up to 30 minutes. Dep. Buck 38:24–41:9; Dep. Watson 82:2–84:14. Plaintiff Watson regularly worked past 2:30 pm because he was required to sanitize Defendants' equipment after the plastic welders were done for the day. Dep. Watson 89:20–24, 96:11–25.

7.   Plaintiff Shamus Watson ("Watson") signed an independent contractor agreement with and supplied a Form W-9 to Westwind on November 18, 2020. Watson provided contract labor as a plastic welder and bin washer to Westwind until July 2022. **Ex. 1** (N. Eccleston Decl. ¶¶7-8).

Page 3 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

**RESPONSE NO. 7:** Admitted in part. Plaintiffs admit that Plaintiff Watson signed an agreement labeling him as an independent contractor but deny any implication that whether a worker is an independent contractor can be determined by agreement rather than by the economic realities of the relationship. *See Karlson v. Action Process Serv. & Private Investigation, LLC*, 860 F.3d 1089, 1092 (8th Cir. 2017). Plaintiffs admit that Plaintiff Watson signed the agreement and provided a W-9 on November 18, 2020, and worked for Defendants through July of 2022. Plaintiffs object to, and therefore deny, the remainder of this statement. Whether Plaintiff Watson was employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985)). Therefore, assertions regarding whether Plaintiff Watson provided "contract labor" are not appropriate for admission or denial. Rule 56.1(a) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." A legal conclusion is not a fact.

8.    Plaintiff Darrell Buck ("Buck") signed an independent contractor agreement with and supplied a Form W-9 to Westwind on January 12, 2020. Buck provided contract labor as a plastic welder to Westwind until August 2022. **Ex. 1** (N. Eccleston Decl. ¶¶6-8).

**RESPONSE NO. 8:** Admitted in part. Plaintiffs admit that Plaintiff Buck signed an

Page 4 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

agreement labeling him as an independent contractor but deny any implication that whether a worker is an independent contractor can be determined by agreement rather than by the economic realities of the relationship. *See Karlson*, 860 F.3d at 1092. Plaintiffs admit that Plaintiff Buck signed the agreement and provided a W-9 on January 12, 2020, and worked for Defendants through August of 2022. Plaintiffs object to, and therefore deny, the remainder of this statement. Whether Plaintiff Buck was employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Therefore, assertions regarding whether Plaintiff Buck provided "contract labor" is not appropriate for admission or denial. Rule 56.1(a) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." A legal conclusion is not a fact.

9. Each Plaintiff in this action does not dispute signing their respective independent contractor agreements which governed their relationship with Westwind. **Ex. 5** (Watson Dep. 32:20-33:9); **Ex. 6** (Buck Dep. 33:9-11).

**RESPONSE NO. 9:** Objection. A worker cannot agree to status as an independent contractor. Whether a worker is an independent contractor is determined by the economic realities of the relationship, not by agreement. *See Karlson*, 860 F.3d at 1092. Subject to the objection, Plaintiffs admit that they signed the agreements labelling them as independent contractors.

Page 5 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

10. Plaintiffs were not subject to coercion or undue influence and executed their independent contractor agreements freely with Westwind. **Ex. 6** (Buck. Dep: 31:8-9).

**RESPONSE NO. 10:** Objection. A worker cannot agree to status as an independent contractor. Whether a worker is an independent contractor is determined by the economic realities of the relationship, not by agreement. *See Karlson*, 860 F.3d at 1092. Accordingly, whether Plaintiffs were subject to coercion or undue influence in executing the agreements labelling them as independent contractors is irrelevant and immaterial to whether Plaintiffs performed labor as an employee or an independent contractor under the economic realities test. Subject to the objection, admitted.

11. Nothing contained within the independent contractor agreements or from any statements made by West Wind prevented plaintiffs from working elsewhere. **Ex. 1** (N. Eccleston Decl. ¶20).

**RESPONSE NO. 11:** Denied. The independent contract agreements specifically forbade Plaintiffs from using any "trade secrets, inventions, innovations, processes, information, records and specifications" they had access to through their work with Defendants in the furtherance of any other business venture "either during the term of this Agreement or at any time thereafter." *See* Independent Contractor Agreements, ECF Nos. 23-3, 23-4. Accordingly, the independent contractor agreements explicitly prevented Plaintiffs from performing plastic welding services for anyone else while working for Defendants. Moreover, Mr. and Mrs. Eccleston specifically instructed Plaintiffs that they were not to perform plastic welding services anywhere else. Dep. Buck 52:18–53:4; Dep.

Page 6 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

Watson 67:2–13.

12. Plaintiffs brought this action on behalf of themselves, and all others similarly situated. However, Plaintiffs did not move to certify a collective action and Plaintiffs' counsel has voluntarily dismissed William Catlett as a party to this litigation. ECF No. 2; ECF No. 21.

**RESPONSE NO. 11:** Admitted.

13. Each Plaintiff was issued a Form 1099 for each year they provided contract labor to Westwind. **Ex. 1** (N. Eccleston Decl. ¶19).

**RESPONSE NO. 13:** Admitted.

14. In 2021 and 2022, Plaintiff Darrell Buck filed a Schedule C with his tax returns where he was able to claim thousands of dollars in business expenses while he provided contract labor to West Wind which reduced Buck's income tax liability. **Ex. 11**.

**RESPONSE NO. 14:** Objection. Whether Plaintiff Buck is an independent contractor is a legal issue, not a factual issue. Plaintiffs incorporate herein their Objection and Response to Statement No. 8. Further, whether Plaintiff Buck claimed tax exemptions based on his work for Defendants is irrelevant to the economic reality test, therefore, this Statement is not "material," and Rule 56.1(a) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." *See Cruthis v. Vision's*, No. 4:12-cv-244-KGB, 2014 U.S. Dist. LEXIS 8773, at *7–8 (E.D. Ark. Jan. 24, 2014). Subject to the objection, admitted.

Page 7 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

15. The Arkansas Department of Finance and Administration did not have any tax records on file for Shamus Watson from 2021 to the present after being provided with a signed authorization from Defendants' counsel. **Ex. 12**.

**RESPONSE NO. 15:** Objection. Whether Plaintiff Watson is an independent contractor is a legal issue, not a factual issue. Plaintiffs incorporate herein their Objection and Response to Statement No. 7. Further, whether Plaintiff Watson claimed tax exemptions or not based on his work for Defendants is irrelevant to the economic reality test, therefore, this Statement is not "material," and Rule 56.1(a) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." *See Cruthis v. Vision's*, No. 4:12-cv-244-KGB, 2014 U.S. Dist. LEXIS 8773, at *7–8 (E.D. Ark. Jan. 24, 2014). Subject to the objection, admitted.

16. Pursuant to the independent contractor agreements, Westwind was not responsible for withholding taxes with respect to either Plaintiffs compensation earned from Westwind. **Ex. 1** (N. Eccleston Decl. ¶8).

**RESPONSE NO. 16:** Objection. Neither a worker nor an employer can agree to the worker's status as an independent contractor. Whether a worker is an independent contractor is determined by the economic realities of the relationship, not by agreement. *See Karlson*, 860 F.3d at 1092. Accordingly, whether Defendants were responsible for withholding taxes from Plaintiffs' paychecks cannot be determined pursuant to the Parties' agreement but rather pursuant to the economic reality of their relationship.

Page 8 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

Subject to the objection, denied. Defendants exercised exclusive control over the business operations. Dep. Buck 29:12–14, 41:1–42:14; Dep. Watson 93:19–94:11, 99:1–6 (stating that Defendants required Plaintiffs to wear uniforms); Dep. Buck 43:22–44:7, 46:3–10, 55:16–56:1, 61:10–14; Dep. Watson 21:12–24 (stating that Defendants set the hours that Plaintiffs would work and what work they were assigned). Plaintiffs had no investment whatsoever in the business. Dep. Watson 92:23–93:18 (stating that Defendants provided all necessary equipment for the performance of Plaintiffs' jobs). Plaintiffs' opportunity for profit and loss was determined exclusively by Defendants. Dep. Buck 46:13–14; Dep. Watson 43:13–16 (stating that Defendants set Plaintiffs' pay rates). Plaintiffs' skills in plastic welding were used only within Defendants' business. Dep. Buck 53:21–55:2; Dep. Watson 91:4–6 (stating that Plaintiffs had no source of income outside of Defendants' business while they worked for Defendants). Plaintiffs were brought on for an indefinite amount of time. Dep. Watson 90:22–91:3. And finally, Plaintiffs' jobs were integral to Defendants' business. Mem. in Supp. of Mot. for Summ. J., ECF No. 24, p. 18. Accordingly, Plaintiffs were employees and Westwind was responsible for withholding the proper taxes.

17.   Pursuant to the independent contractor agreements, the Plaintiffs shall have no claim against Westwind for vacation pay, sick leave, retirement benefits, social security, worker's compensation, health or disability benefits, unemployment insurance benefits, or employee benefits of any kind. **Ex. 1** (N. Eccleston Decl. ¶9).

**RESPONSE NO. 17:** Objection. Neither a worker nor an employer can agree to the worker's status as an independent contractor. Whether a worker is an independent

Page 9 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

contractor is determined by the economic realities of the relationship, not by agreement. *See Karlson*, 860 F.3d at 1092. Accordingly, whether have claims for "vacation pay, sick leave, retirement benefits, social security, worker's compensation, health or disability benefits, unemployment insurance benefits, or employee benefits of any kind" cannot be determined pursuant to the Parties' agreement but rather pursuant to the economic reality of their relationship. Subject to the objection, Plaintiffs admit this language is included in the agreement labelling Plaintiffs as independent contractors. Otherwise, denied.

18. Each Plaintiff submitted weekly invoices to receive payment from Westwind for payment and were paid at the end of the work week. **Ex. 1** (N. Eccleston Decl. ¶16).

**RESPONSE NO. 18:** Admitted.

19. Plaintiffs were responsible for recording the number of bins washed and/or welded and repaired on their invoices which they would submit to Westwind. **Ex. 1** (N. Eccleston Decl. ¶16).

**RESPONSE NO. 19:** Admitted. In addition to the number of bins repaired, Plaintiffs recorded the number of hours worked. Plaintiffs' were paid an hourly wage regardless of the number of bins washed and/or welded and repaired. Dep. Buck 34:20–35:10 ("we wrote a weekly invoice to get paid per hours that we worked; not per bins that we worked on"); Dep. Watson 37:15–18 (stating that Plaintiff Watson was paid $14.00 per hour); 43:13–18 ("But what I'm saying is, they paid me by the hour. They straight told me that I was paid starting out 14 an hour. By the time I left I was getting paid 17 an hour. They never once paid me by how many bins that I done."). Plaintiffs recorded their hours worked on their invoices, and Mr. or Mrs. Eccleston reworked the invoice to show the

Page 10 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

number of bins washed instead of hours worked and paid Plaintiffs their hourly wage. Dep. Buck 36:5–37:9; Dep. Watson 43:19–44:23.

20. Each plaintiff had their own work space while they provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶11).

**RESPONSE NO. 20:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Therefore, assertions regarding whether Plaintiffs provided "contract labor" is not appropriate for admission or denial. Rule 56.1(a) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." A legal conclusion is not a fact.

Subject to the objection, denied as written. Plaintiffs worked for Defendants at Defendants' shop, wherein Defendants provided all the tools and equipment necessary for Plaintiffs to perform the duties that Defendants paid them to perform such as welding, repairing, or washing bins. Dep. Watson 93:9–18. Within that shop were workstations in which plastic welders would work for the day, but the welders did not have a specifically assigned station and their stations changed according to Defendants' dictates. Dep. Buck 43:22–44:7 (Q: "Did you have your own workstation in the shop?" A: "They rotated us around."). *See also* Dep. Watson 21:22 –24 (stating that each welder had a space with all necessary equipment provided in which they worked).

Page 11 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

21. Independent contractors were not married to a set schedule and were generally free to select and choose which bins they would wash, weld and/or repair. Independent contractors were not given a quota for how many bins they had to repair or weld in any given day. **Ex. 1** (N. Eccleston Decl. ¶15).

**RESPONSE NO. 21:** Objection. Whether Plaintiffs were employees or independent contractors is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate their objection to Statement No. 20 herein.

Subject to the objection, denied. Plaintiffs were expected to work a set schedule from 6:00 am to 2:30 pm. Dep. Buck 38:16–23 ("They expected us to be suited up and at our states at 6:00 am"), 52:3–4 (stating that welders were "done working at 2:30"), 55:16–56:1 (stating that Plaintiff Buck knew his schedule because he worked the same hours every day and that he did not set his own hours), 61:10–14 ("They wanted us at the bins from—they expected us to be at the bins from 6:00 a.m. to 2:30."); Dep. Watson 35:15–16 (stating welders were expected to start working at 6:00 am); 52:5–53:19 (stating work hours were from 6:00 am to 2:30 pm with a thirty-minute onsite lunch break). Further, Plaintiff Buck testified that he could not choose which bin to repair, but rather was required to repair them "[i]n order that they come in" and "take the next one in line off the clipboard." Dep. Buck 46:5–7; *but see* Dep. Watson 54:1–23 (stating that he was permitted to grab any bin out of the pile of bins that needed repair collected by Defendants). Although Defendants provided Plaintiffs with a mandatory 30-minute lunch break, Plaintiffs were not permitted to leave Defendants' shop during lunch. Dep. Watson 52:5–19. Plaintiffs

Page 12 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

were not permitted to stop working and take their lunch break whenever they felt like it; lunch breaks were done in 30-minute shifts pre-determined by Defendants. *Id.* at 52:20–53:7.

22. Plaintiffs earning potential was based on how many bins could be repaired and/or washed in any given week. **Ex. 1** (N. Eccleston Decl. ¶17).

**RESPONSE NO. 22:** Denied. Plaintiffs were paid an hourly rate regardless of the number of bins washed and/or welded and repaired. Dep. Buck 34:20–35:10 ("we wrote a weekly invoice to get paid per hours that we worked; not per bins that we worked on"); Dep. Watson 37:15–18 (stating that Plaintiff Watson was paid $14.00 per hour); 43:13–18 ("But what I'm saying is, they paid me by the hour. They straight told me that I was paid starting out 14 an hour. By the time I left I was getting paid 17 an hour. They never once paid me by how many bins that I done."). Plaintiffs recorded their hours worked on their invoices, and Mr. or Mrs. Eccleston reworked the invoice to show a number of bins washed instead of hours worked and paid Plaintiffs their hourly wage. Dep. Buck 36:5–37:9; Dep. Watson 43:19–44:23. The only mechanism by which Plaintiffs could earn more by repairing and/or washing more bins was to be given an hourly rate increase. Dep. Watson 46:22–47:24 (Q: "So the quicker—the quicker the weld, the more bins you could get to, the more you could put on your invoice, the more you could in theory receive for compensation?" A: "Well, we would still get the same pay. But they would give us a pay raise. Like, they would give us more an hour.").

23. The more efficient the plaintiffs were, the more money plaintiffs could make while they provided contract labor to Westwind. **Ex. 1** (N. Eccleston Decl. ¶17).

Page 13 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

**RESPONSE NO. 23:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate their objection to Statement No. 20 herein.

Subject to the objection, denied as written. Plaintiffs were not paid more if they repaired and/or washing more bins. Dep. Watson 45:10–18 ("it don't matter if I done 500 bins a week or if I done 2 bins a week, I would have got paid the same amount every week."). The only mechanism by which Plaintiffs could earn more by repairing and/or washing more bins was to be given an hourly rate increase. Dep. Watson 46:22–47:24 (Q: "So the quicker—the quicker the weld, the more bins you could get to, the more you could put on your invoice, the more you could in theory receive for compensation?" A: "Well, we would still get the same pay. But they would give us a pay raise. Like, they would give us more an hour.").

24. West Wind did not control how productive the plaintiffs were in the performance of their contract labor services. **Ex. 1** (N. Eccleston Decl. ¶17).

**RESPONSE NO. 24:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate herein their objection to Statement No. 20. Subject to the objection, admitted. Defendants paid Plaintiff an hourly rate regardless of how productive they were. Dep. Buck 34:20–35:10; Dep. Watson

Page 14 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

37:15–18, 43:13–18.

25. Both plaintiffs frequently missed work, were late or left early from Westwind. **Ex. 1** (N. Eccleston Decl. ¶14).

**RESPONSE NO. 27:** Admitted that Plaintiffs' missed work was noted, and their hourly wages were docked accordingly. Dep. Watson 91:24–92:14.

26. In Westwind's facility there is a calendar where workers keep track of who shows up late, is absent, or who leaves early. **Ex. 9** (C. Sanders Decl. ¶4); **Ex 1** (N. Eccleston Decl. ¶14).

**RESPONSE NO. 26:** Admitted.

27. On any particular day, workers of Westwind will write down the names of individuals who are late, absent or leave early. **Ex. 9** (C. Sanders Decl. ¶4).

**RESPONSE NO. 27:** Admitted.

28. The calendar system was initiated after a worker for Westwind saw Westwind getting taken advantage of by workers who left early, were absent or who arrived late. **Ex. 9** (C. Sanders Decl. ¶5).

**RESPONSE NO. 28:** Objection. Plaintiffs do not have the requisite knowledge to admit or deny the reason that Defendants began tracking welders' hours worked. Further, this statement is irrelevant to whether Plaintiffs worked for Defendants as employees or independent contractors. Plaintiffs incorporate herein their objection to Statement No. 20. Therefore, denied.

29. Darrell Buck and Shamus Watson were frequently late, absent or left early from work while they provided contract labor to West Wind. **Ex. 9** (C. Sanders Decl. ¶¶4-

Page 15 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

5); **Ex 1.** (N. Eccleston Decl. ¶14); **Ex 10** (T. Thomas Decl. ¶4).

**RESPONSE NO. 29:** Objection. The term "frequently" is vague and undefined. Because Plaintiffs cannot know what Defendants mean by "frequently" late, absent or leaving early, this Statement is not appropriate for admission or denial. Subject to the objection, admitted in part. Plaintiffs admit that there were times when they were absent, late, or left work early while working for Defendants. *See* Dep. Buck 62:7–17 (Q: "When you were at Westwind, did you frequently have days when you weren't—weren't there or left early?" A: "I don't know frequently. I mean, everybody had things that they had to take care of, you know. So, it's not like I'm being singled out."). Plaintiffs specifically admit that Plaintiff Watson missed work due to health reasons at the end of his time working for Defendants. Dep. Watson 59:15–19.

30.  Plaintiff Darrell Buck was late, left early or was absent a combined one hundred and eleven (111) times during the period in which he provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶14).

**RESPONSE NO. 30:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate herein their objection to Statement No. 20. Further, the terms "late" and "left early" are vague and undefined. Because Plaintiffs have no way of knowing how Defendants measure "late" or "early" (Five minutes? Thirty minutes? An hour?), this Statement is not appropriate for admission or denial. Subject to the objection, admitted in part. Plaintiffs admit that there were times

Page 16 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

when Plaintiff Buck was absent, late, or left work early while working for Defendants. *See* Dep. Buck 62:7–17 (Q: "When you were at Westwind, did you frequently have days when you weren't—weren't there or left early?" A: "I don't know frequently. I mean, everybody had things that they had to take care of, you know. So, it's not like I'm being singled out.").

31. Plaintiff Shamus Watson was late, left early or was absent a combined one hundred and forty three (143) times during the period in which he provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶14).

**RESPONSE NO. 31:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate herein their objection to Statement No. 20. Further, the terms "late" and "left early" are vague and undefined. Because Plaintiffs have no way of knowing how Defendants measure "late" or "early" (Five minutes? Thirty minutes? An hour?), this Statement is not appropriate for admission or denial. Subject to the objection, admitted in part. Plaintiffs admit that there were times when Plaintiff Watson was absent, late, or left work early while working for Defendants. Plaintiffs specifically admit that Plaintiff Watson missed work due to health reasons at the end of his time working for Defendants. Dep. Watson 59:15–19.

32. Plaintiffs Shamus Watson and Darrell Buck were never punished for their absences, tardiness or for leaving work early. **Ex. 1** (N. Eccleston Decl. ¶14).

**RESPONSE NO. 32:** Denied. Plaintiffs' missed work was noted, and their hourly wages were docked accordingly. Dep. Watson 91:24–92:14. Further, while Plaintiff Buck

Page 17 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

maintains that the actual reason for his termination was his report on Defendants to OSHA, Defendants told him that he was terminated due to tardiness. Dep. Buck 50:6–8, 56:6–11. *See also* Decl. N. Eccleston ¶ 6 (euphemistically stating that Defendants "parted ways" with Plaintiff Buck in part because of "his chronic lack of dependability").

33. Plaintiffs never worked more than forty hours in any given work week in which they provided contract labor to West Wind. **Ex. 1** (N. Eccleston Decl. ¶13).

**RESPONSE NO. 33:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate herein their objection to Statement No. 20.

Subject to the objection, denied. Defendants required Plaintiffs to undergo a sanitization process upon arrival at the shop. Dep. Buck 39:2–41:9; Dep. Watson 82:2–25. This process included sanitizing work boots, having a temperature taken, washing hands, and a full change of clothes into a company uniform for 12 to 16 welders. Dep. Buck 39:2–41:9; Dep. Watson 82:2–25. Because the shop only provided three changing rooms, Plaintiffs regularly had to wait for a changing room to become available before changing their clothes. Dep. Buck 40:14–21; Dep. Watson 84:1–25. The entire process could take up to 30 minutes. Dep. Buck 41:1–9 (stating that Plaintiff Buck arrived at 5:30 am so that he could complete the sanitation process and be ready to work by 6:00 am). At the end of the day, Plaintiffs were required change back into their personal clothes, which necessitated another wait on the changing rooms' availability. Dep. Buck 52:3–17.

Page 18 of 20
Darrell Buck, et al.  v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

This could take an additional 30 minutes. *Id*. (stating that Plaintiff Buck stopped working at 2:30 pm but "was usually out of there by 3:00 o'clock [sic]"). Plaintiff Watson was also required to sanitize Defendants' equipment after-hours. Dep. Watson 96:11–21. This time was in addition to the 40 hours Plaintiffs spent repairing and/or washing bins and Plaintiffs were not paid for this time. Dep. Buck 70:1–12; Dep. Watson 94:12–95:3, 96:11–21. Plaintiff Buck estimates that Defendants' sanitation requirements resulted in him working between 2.5 and 3 hours of overtime each week that he worked for Defendants. Dep. Buck 76:18–23. Plaintiff Watson estimates that Defendants' sanitation requirements resulted in him working 4 or 5 hours of overtime each week that he worked for Defendants. Dep. Watson 97:17–21.

   34.   Plaintiff Darrell Buck ceased to provide contract labor services to West Wind in August 2022. **Ex 1.** (N. Eccleston Decl. ¶6).

**RESPONSE NO. 34:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate herein their objection to Statement No. 20. Subject to the objection, Plaintiffs admit that Plaintiff Buck's last day of work for Defendants was in August of 2022.

   35.   Plaintiff Shamus Watson ceased to provide contract labor services to West Wind in July 2022. **Ex 1.** (N. Eccleston Decl.¶7).

**RESPONSE NO. 35:** Objection. Whether Plaintiffs were employed or provided contract labor is a legal issue subject to the standards applied under the economic

Page 19 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment

realities test, not an assertion of fact. *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). Plaintiffs incorporate herein their objection to Statement No. 20. Subject to the objection, Plaintiffs admit that Plaintiff Watson's last day of work for Defendants was in July of 2022.

                                                          Respectfully submitted,

**DARRELL BUCK and SHAMUS WATSON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 20 of 20
Darrell Buck, et al. v. Westwind and Associates, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2153-PKH
Response to Defendants' Statement of Material Facts in Support of
Defendants' Motion for Summary Judgment