UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARRELL BUCK and
SHAMUS WATSON                                                                                    PLAINTIFFS

v.                                          No. 2:22-cv-2153

WEST WIND AND ASSOCIATES, INC
and MARK ECCLESTON                                                                        DEFENDANTS

# ORDER

Before the Court are Defendants West Wind and Associates, Inc.'s and Mark Eccleston's (collectively, "West Wind") motion for summary judgment (Doc. 23), statement of facts (Doc. 25), and brief in support (Doc. 24). Plaintiffs Darrell Buck and Shamus Watson responded (Docs. 26, 32), and Defendants replied (Doc. 33). For the reasons stated below, the motion will be DENIED.

Plaintiffs sued West Wind under the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act. Both Plaintiffs brought claims under the FLSA for unpaid wages, and Mr. Buck brought a claim for FLSA retaliation. *See* Doc. 2. Plaintiffs' claims arise out of their jobs with West Wind. *Id.*

West Wind seeks summary judgment on all claims, arguing that Plaintiffs were not employees under the FLSA, that Mr. Buck has not shown a causal connection to support his retaliation claim, and that Mr. Eccleston is not individually liable. *See* Doc. 24. On a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party, grants all reasonable factual inferences in the nonmovant's favor, and only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016). "Where the record taken as a

whole could lead a rational trier of fact to find for the nonmoving party, there is a genuine issue for trial." *Walsh v. Alpha & Omega USA, Inc.*, 39 F.4th 1078, 1082 (8th Cir. 2022) (quotation omitted). At the summary judgment stage, the Court does not "weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007) (citation omitted).

The parties agree that the Court should apply the six-factor economic realities test to determine if Plaintiffs were employees under the FLSA. The ultimate question of whether Plaintiffs were employees is one of law, but "the precise nature of the working relationship—as examined by means of the [economic realities] factors—involves questions of fact . . . ." *Walsh*, 39 F.4th at 1082. Plaintiffs have raised questions of fact about the precise nature of the parties' working relationship, which precludes summary judgment on the unpaid wages claims and Mr. Eccleston's individual liability. Further, Mr. Buck testified he filed an Occupational Safety and Health Administration complaint on August 5, 2022, and was fired five days later. This raises a question of material fact on his retaliation claim. Finally, after reviewing the record, the Court finds potential questions of credibility based on conflicting testimony, which the Court should not resolve at the summary judgment stage. Viewing the record in the light most favorable to the Plaintiffs, the Court finds questions of material fact remain regarding Plaintiffs' claims.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 23) for summary judgment is DENIED, and the matter remains pending for trial.

IT IS SO ORDERED this 5th day of September, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE